Charles N. YONGUE

v.

The UNITED STATES.

No. 689–81C.

United States Claims Court.

March 26, 1986.

Neil B. Kabatchnick, Washington, D.C.; John A. Kendrick and Craig M. Kabatchnick, of counsel; for plaintiff.

Stephen J. McHale, with whom was Asst. Atty. Gen. Richard K. Willard, Sandra P. Spooner, and David M. Cohen, Washington, D.C., of counsel; for defendant.

## OPINION

YANNELLO, Judge.

Plaintiff joined the U.S. Army Reserve (USAR) in June 1961, where he held the rank of Second Lieutenant, and was appointed to the temporary grade of Second Lieutenant in the Army of the United States (AUS) in November 1961. Plaintiff was discharged from active duty in 1978.

In the 17-year period from 1961 to 1978, plaintiff had received 26 Officer Efficiency Reports (OERs). One such OER covered a four-month period, from May 26, 1969 to September 10, 1969. This 1969 OER later became a contested issue.

Plaintiff was promoted to First Lieutenant in the AUS in March 1963 and to First Lieutenant in the USAR in April 1964, and was promoted again to Captain in the AUS in July 1965 and to Captain in the USAR in June 1967. Finally, plaintiff was promoted to Major in the AUS in September 1968 and to Major in the USAR in June 1974.

In May 1977 and July 1978, plaintiff was passed over for promotion to the temporary grade of Lieutenant Colonel (LTC) in the Army of the United States (AUS) by two Selection Boards. Plaintiff was therefore discharged on November 30, 1978, at which time he had 17 years and 3 days of active military service.[1]

After his passovers for promotion to LTC, plaintiff, on September 26, 1978, requested that the 1969 OER be voided and removed from his record. This request was denied by the Deputy Chief of Staff for Personnel (DCSPER) in November 1978, and plaintiff's request for reconsideration was also denied in February 1979.

On December 3, 1979, plaintiff filed an application with the Board for Correction of Military Records (BCMR) pursuant to 10 U.S.C. § 1552 and Army Regulation (AR) 15–185. He requested (1) that the 1969 OER be removed from his record; (2) that the DCSPER decision be reconsidered; and; (3) that his failure of selection for promotion in 1977 and 1978 be voided. Counsel also requested (4) that plaintiff's records be corrected to reflect his current rank (Major); and (5) that he be considered for promotion upon his corrected record.

In April 1980, the BCMR noted the appearance of reasonable doubt as to whether the OER was a totally fair, accurate, and objective evaluation of overall performance during the rating period. It thus determined that "in the interest of justice," the 1969 OER be voided.

The Board also determined that "based on applicant's overall record, it cannot be determined whether he would have been promoted to the grade of LTC, AUS, had the questioned OER not been reviewed by the 1977 and 1978 Selection Boards." In essence, the BCMR reviewed the 1969 OER and the overall record of plaintiff and concluded that it could not find that the presence of the disputed 1969 OER in the record considered by the selection boards constituted material error or that its presence precluded fair and equitable consideration of plaintiff for promotion.

Thus, the BCMR concluded that it would not be appropriate to restore plaintiff to his

---

1. In addition, but not at issue here, plaintiff accepted appointment as a Warrant Officer on December 1, 1978, and was promoted to Chief Warrant Officer in the AUS in January 1979. In December 1982, plaintiff retired with 21 years and 3 days of active service.

former commissioned status based on the evidence then available to the BCMR. Rather, the BCMR forwarded plaintiff's corrected records (excluding the contested 1969 OER) to a Standby Advisory Board (STAB) for promotion consideration under the 1977 and 1978 criteria. If the STAB found plaintiff selected for promotion, the matter was to be returned to the BCMR for implementation. STABs are frequently used to furnish the BCMR with advice, and it is not inappropriate for the BCMR to seek such advice.

Two STABS, in November 1980 and December 1980, reported their findings that plaintiff was "not prejudiced in the original selection process" and that further relief should be denied. In 1981, plaintiff again petitioned the BCMR, requesting *de novo* consideration by the board. In addition to stating the relief previously sought, plaintiff petitioned for promotion to the rank of LTC effective May 1977.

Following receipt of extensive briefing by plaintiff and input from various legal offices, the BCMR issued its opinion on April 18, 1984. Plaintiff had filed the instant suit in 1981 and, upon motion by one of the parties, proceedings were suspended pending the issuance of the BCMR decision.

In its 1984 decision, the BCMR concluded: (1) there was no basis for *de novo* consideration of plaintiff's appeal; (2) the BCMR, in its original review, could not determine if the removal of the 10-year old (1969) OER would constitute a material change in plaintiff's records or would warrant his promotion to LTC and his restoration to active duty; and (3) taking into account the consideration of plaintiff's corrected records by two STABS, stated as follows:

2. The BCMR noted that promotion boards are not permitted to state reasons for non-promotion but, based on available evidence, it appeared that:

"[W]hile plaintiff at times rendered superior to outstanding duty performance, when compared to those of his contemporaries, his duty performance simply was not strong enough to place him among those selected for promotion."

[T]his Board can now find no sound basis for changing the records to show that either the original nonselections were voided or [plaintiff's] promotion to the grade of LTC, AUS, with restoration to a commissioned officer status.[2]

The issues presented to the court are twofold: (1) whether plaintiff's claim is barred by laches and (2) whether, on the merits, plaintiff should be granted the relief sought, namely, voidance of the passovers for promotion leading to his discharge.

### 1. *Laches*

■ The instant case is not dissimilar from the most recent discussion of the issue of laches in *Braddock v. United States*, 9 Cl.Ct. 463 (1986), in which Judge Yock issued a well-reasoned and persuasive opinion in plaintiff's favor. This court reaches a like decision.

Clearly, there was no delay in plaintiff's pursuit of his judicial remedies, since suit was filed even while the matter was still pending before the BCMR. Nor was there any delay in bringing the matter to the BCMR in 1979, following denial by DCSPER, nor in bringing the matter to DCSPER after the 1977 passover. The delay, if any, occurred in 1979, in connection with plaintiff's challenge to an OER placed in his record, with his knowledge, in 1969. However, this matter is now moot inasmuch as the BCMR granted the relief sought—voiding the OER—and denied the voidance of the passover for other reasons not based on laches. Thus, the BCMR was able to act and noted no untimeliness, unexcusable delay, or prejudice.

Since the agency acted on plaintiff's request for relief (in voiding the 1969 OER) and considered plaintiff's additional request for relief (voiding the passovers) on

Examination of plaintiff's remaining OERs, which are summarized in defendant's brief, pages 20–21, n. 14, reveals some criticism of plaintiff's performance in various areas; these OERs covered more recent periods of plaintiff's service, *e.g.*, between 1969 and 1977.

the merits, not basing its denial on any consideration of laches, the issue of laches has no application here and is moot.

### 2. *Merits*

Plaintiff, before the BCMR and before this court, has argued that his situation is the same as that addressed by this court in *Evensen v. United States*, 228 Ct.Cl. 207, 654 F.2d 68 (1981) and that here, as there, the BCMR should have voided not only the contested 1969 OER but also the passovers by the 1977 and 1978 selection boards who considered his records, which included that OER.[3]

Again, the facts here are similar to those in *Braddock, supra*, wherein it was held that the BCMR's failure to void the passovers was not unlawful error.[4]

In the instant case, the BCMR considered plaintiff's arguments and found them unavailing. This court has likewise considered the contentions and authority cited in support thereof and has similarly determined that the BCMR action was neither arbitrary, capricious, nor contrary to law. Plaintiff was and is not entitled to a voidance of his passovers by the selection boards.

■ Unquestionably, there are situations in which the BCMR may be compelled to void a passover. Such situations may arise, for example, (1) where the selection boards which passed the officer over were in fact void (as being improperly constituted or for some other reason), as in the case of *Evensen, supra;* or (2) where a correction of records (such as voidance and removal of OERs) is determined to have been material, without the correction of which the promotion consideration could not have

been full and fair, as in *Sanders v. United States*, 219 Ct.Cl. 285, 594 F.2d 804 (1979).

■ However, this court has refused to find an abuse of the BCMR's discretion when, under some circumstances, it voids an OER but does not also void passovers based on the uncorrected record. In *Sanders, supra,* the court agreed with a statement of correction board policy noting that selection boards, and not the BCMR, were best qualified to determine promotion and the BCMR should substitute its review, and set aside a passover, only under extraordinary circumstances. The court further found that such circumstances exist "when the error or injustice was truly harmless, that is, when substantial evidence shows that it was unlikely that the officer would have been promoted in any event". *Id.* at 310, 594 F.2d at 818. The court specifically stated that:

> ... We have not therefore ruled that in every case the simultaneous *voidance* of an OER and *affirmance* of a passover will always constitute an abuse of discretion. Earlier in this opinion we have said that it takes more than harmless error or simple injustice to win judicial relief. [Emphasis supplied.]

*Id.* at 310, 594 F.2d at 818.

In the instant case, the BCMR, in voiding the OER, expressly avoided a finding of prejudice and material error. The matter was then referred to two STABs which, after considering the corrected record, found that plaintiff would not have been promoted. (The record is indeed replete with other OERs in which plaintiff's per-

---

3. Voiding the passovers, as well as the 1969 OER, would vitiate plaintiff's discharge by reason for the passovers and would have continued him in active duty as a commissioned officer at least until new selection boards were convened and considered plaintiff, on his corrected record, for promotion.

4. It should be noted that, in *Braddock*, the record before the selection boards was even more flawed than the record of plaintiff here.

In *Braddock*, plaintiff served about 16 years, from 1962 to 1978. There were four OERs

which were voided and removed from plaintiff's record, after consideration by the selection boards, and these OERs reflected considerable periods of plaintiff's service (*i.e.*, some four months in 1970, nine months in 1971 and 1972, five months in 1972 and 1973, and 12 months in 1976 and 1977, just prior to passover and discharge.)

In the instant case, during 17 years of service, only one OER (for a four-month period almost eight years prior to promotion consideration) was at issue and was voided.

formance had drawn at least some measure of criticism.)

This court finds that the BCMR acted correctly in discharging its obligations, that it properly reviewed the record and considered the advice given it by the STABs, and that its decision not to void plaintiff's passover was not arbitrary, capricious, nor contrary to law and that it was well-founded on, and supported by, the substantial evidence.

### CONCLUSION

For the foregoing reasons, it is concluded that the BCMR decision is neither arbitrary, capricious, contrary to law, nor unsupported by substantial evidence and that plaintiff's motion for summary judgment should be DENIED and defendant's cross-motion GRANTED. The petition (now complaint) shall be dismissed. No costs.